The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLVIN GOMEZ, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.; and DOES 1-20, as yet unknown Washington entities, Defendants. | NO. 2:24-cv-1468<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

This matter comes before the Court on a Motion for Reconsideration, filed by Plaintiff Olvin Gomez. Plaintiff seeks reconsideration of the Court's Order Granting Motion to Compel Arbitration ("Order"), which directed this matter to arbitration and stayed this case pending the outcome. Dkt. No. 31. In the Order, the Court reviewed the parties' broad agreement to arbitrate all employment-related claims, like those Plaintiff brought under the Fair Labor Standards Act ("FLSA"). The arbitration agreement was executed in conjunction with an employee stock grant. The Court's ruling turned on the delegation provision contained in the arbitration agreement, which delegated to an arbitrator "exclusive authority to resolve any dispute relating to the scope, interpretation, applicability, enforceability, or waiver" of the arbitration agreement. Order at 4-5 (quoting Ibrahim Decl., Ex. 1, at ¶ 1). In opposing Defendant's Motion to Compel, Plaintiff challenged only the validity and/or enforceability of the arbitration agreement, arguing it had been

ORDER DENYING MOTION
FOR RECONSIDERATION
- 1

1    fraudulently induced, and not the enforceability of the (severable) delegation provision itself.

2    Relying on *Rent-A-Center* and its progeny, the Court concluded that in the absence of Plaintiff's

3    challenge specifically to the delegation provision, that delegation provision was enforceable. *Id*. at

4    8 (citing *Rent-A-Center, W., Inc. v. Jackson,* 561 U.S. 63, 68–69 (2010)). Accordingly, the

5    gateway question of whether the greater arbitration provision as a whole was enforceable was for

6    an arbitrator, and not this Court, to decide.

7        Plaintiff contends in his Motion for Reconsideration, as he did in opposition to the

8    underlying Motion to Compel, that a court must first determine whether the arbitration agreement

9    is enforceable before sending the underlying employment claims to arbitration. However, as this

10   Court has already explained, *Rent-A-Center* holds that where an arbitration agreement contains a

11   delegation provision, and a plaintiff fails to challenge that delegation provision specifically, that

12   provision—which is severable from the arbitration agreement and independently enforceable—

13   dictates that such questions of arbitrability must be sent to the arbitrator. This is so even where, as

14   here, a plaintiff contends that the greater arbitration agreement was induced by fraud.

15   Accordingly, this Court's task, under the unchallenged (and therefore presumably enforceable)

16   delegation provision, is to send this matter to arbitration, for an arbitrator to decide whether the

17   arbitration provision is enforceable (and, if so, to decide any remaining substantive claims).

18       Plaintiff misreads *Rent-A-Center*. In that case, the Supreme Court did observe that "[i]f a

19   party challenges the validity under [Federal Arbitration Act] § 2 of the precise agreement to

20   arbitrate at issue, the federal court must consider the challenge before ordering compliance with

21   that agreement under § 4." *Rent-A-Ctr.,* 561 U.S. at 71. The Court went on to hold, however, that

22   where that agreement also contains a delegation clause, and the plaintiff fails to challenge the

23   validity or enforceability of that delegation clause, that threshold question must be sent to

ORDER DENYING MOTION
FOR RECONSIDERATION
- 2

arbitration. Like a set of Russian nesting dolls, an arbitration clause is severable from an agreement in which it may be embedded; and a delegation clause is severable from the arbitration clause in which it is embedded. Unless a Plaintiff resisting arbitration challenges the "antecedent" delegation clause itself (and claims, in this case for example, that the delegation clause specifically, and not merely the arbitration clause, was induced by fraud), the threshold questions of arbitrability must go to the arbitrator. *See, e.g., Wu v. Uber Techs., Inc.*, No. 90, 2024 WL 4874383, at *10 (N.Y. Nov. 25, 2024) (citing *Rent–A–Center,* West, Inc., 561 U.S. at 71–72) ("Here, plaintiff does not contend that the delegation provision itself was hidden from her, is unconscionable, or is against public policy. She makes those contentions only with respect to the separate language in the arbitration agreement requiring the parties to arbitrate personal injury claims that accrued prior to its formation. Under the Supreme Court's well-settled severability rule, the delegation provision must be enforced."); *Jenkins v. PetSmart, LLC*, No. CV 23-2260, 2023 WL 8548677, at *6 (E.D. Pa. Dec. 11, 2023) ("If a party does not challenge a delegation clause specifically, we 'must treat it as valid and must enforce it by sending any challenge to the validity of the underlying arbitration agreement to the arbitrator.'"). Plaintiff may find such a procedure to be "nonsensical," Pl.'s Rep. at 3, but while the wisdom of *Rent-A-Center* may be debated, its holding cannot be.

Plaintiff contends that his agreement to the *arbitration clause* was fraudulently induced. He does not contend that his agreement to the *delegation clause*—a distinct and, under the Federal Arbitration Act, severable provision—was fraudulently induced. In the absence of any challenge to the delegation provision itself, under *Rent-A-Center*, the delegation clause must be deemed enforceable; and it is for an arbitrator to decide whether the arbitration clause was fraudulently induced. *See also Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th

ORDER DENYING MOTION
FOR RECONSIDERATION
- 3

Cir. 2022) ("In *Rent-A-Center*, the Court held that a challenge to the validity of an entire arbitration agreement—there, an unconscionability challenge—must be decided by the arbitrator if the agreement includes a delegation clause that is not directly challenged. The Court emphasized that a party must 'challenge[ ] the delegation provision specifically' for a court to intervene.") (quoting *Rent-A-Center*, 561 U.S. at 70-72); *see also Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023) ("[T]o sufficiently challenge a delegation provision, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it.").

The Court is not denying that Plaintiff has the right to challenge the enforceability of the arbitration agreement; only that he has a right to do so in this Court. Because Plaintiff does not dispute that the delegation clause itself is valid, under that clause, that gateway question must be decided by an arbitrator.

DATED this 10th day of June, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge